**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Caremark LLC, *et al.*, | No. CV-23-01994-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Allied Health Services Incorporated, *et al.*, | |
| Defendants. | |

At issue is Plaintiffs Caremark LLC, CaremarkPCS LLC, and Caremark IPA LLC's Motion to Seal this Case (Doc. 1, Mot.), to which 45 of the 46 Defendants filed a collective Response (Doc. 10, Resp.) and Defendant Mission Wellness Healthcare LLC filed a Joinder thereto (Doc. 11), and Plaintiffs filed a Reply (Doc. 14, Reply). In this Order, the Court will also address the 45 collective Defendants' Motion to Exceed Page Limit (Doc. 17) and Plaintiffs' Motion to Exceed Page Limit (Doc. 20).

Plaintiffs seek an Order sealing this case. In the Ninth Circuit, courts "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Where a document is "more than tangentially related to the merits" of a case, the

party seeking to seal the document must demonstrate "compelling reasons to keep the documents under seal." *Ctr. for Auto Safety*, 809 F.3d at 1103.

To begin with, Plaintiffs have not provided a justification for the Court to seal the entire case, that is, every filing already made and to be made in this matter. The Local Rules provide:

> The Court generally will not enter an order that gives advance authorization to file documents under seal that are designated for such treatment by parties under a protective order or confidentiality agreement. Any motion or stipulation to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal . . . .

LRCiv 5.6(b). Under Ninth Circuit case law, Plaintiffs have the burden to demonstrate specific, compelling reasons to seal each specific document or reference in a filing that they wish to keep from public view. *Kamakana*, 447 F.3d at 1182–84. For example, Plaintiffs have not demonstrated that a filing such as Defendants' pending Motion to Exceed Page Limit (Doc. 17) should be sealed because it somehow contains Plaintiffs' proprietary and confidential information. The Court will thus deny Plaintiffs' request to seal this case.

Next, as the Local Rules provide and Defendants point out, the fact that documents are designated by parties as confidential under a protective order or other confidentiality agreement is not in and of itself a compelling reason for the Court to seal the document. Indeed, this Court requires that every Protective Order it enters include the following language:

> Nothing in this [Protective Order] shall be construed as automatically permitting a party to file under seal. Before any party files any document under seal, such party shall seek leave of Court and shall show "compelling reasons" (dispositive motion) or "good cause" (non-dispositive motion) for filing under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document.

Undoubtedly, the Complaint—and those exhibits included with the Complaint—are more than tangentially related to the merits of this matter and Plaintiffs must demonstrate compelling reasons to justify keeping the documents under seal. In the Motion and Reply, Plaintiffs argue with the requisite specificity (*e.g.*, Reply at 7) that such reasons exist with regard to portions of Exhibit 7 (Doc. 4) to the Complaint—Plaintiffs' reimbursement provisions relating to their Medicare Part D networks—because their disclosure to the public might harm Plaintiffs' competitive standing. *See Mission Wellness Pharmacy LLC v. Caremark LLC*, 641 F. Supp. 3d 673, 681–82 (D. Ariz. 2022). The Court will permit Plaintiffs to file the unredacted version of Exhibit 7 under seal, and Plaintiffs must also file a version of Exhibit 7 unsealed on the public docket in which only the confidential information—Plaintiffs' reimbursement provisions—is redacted.

Similarly, Plaintiffs have shown compelling reasons with the requisite specificity that portions of Exhibits 1 through 6 (Docs. 2-1–2-6, 3) to the Complaint—Plaintiffs' confidential contract terms—should be sealed. Thus, Plaintiffs may file unredacted versions of Exhibits 1 through 6 under seal, and Plaintiffs must also file versions of Exhibits 1 through 6 unsealed on the public docket in which only the confidential contract terms are redacted.

Plaintiffs have made no further showing of the requisite specific, compelling reasons to file under seal, and the Court will thus require Plaintiffs to refile the Complaint on the public docket, along with its attachments following the guidelines set forth above. The parties have lodged all the subsequent filings in this case under seal pending the Court's resolution of the present Motion to Seal, and the parties have made no showing of specific, compelling reasons to seal any portion of Plaintiffs' Motion to Compel Arbitration and Stay Arbitration (Doc. 8), the collective Defendants' Response thereto (Doc. 18), Mission Wellness Healthcare's Joinder (Doc. 19), or Plaintiffs' Reply (Doc. 21). As a matter of caution, the Court will not order these lodged documents filed on the docket, but rather the parties must refile them with any necessary Motion to Seal. For good cause

shown, the Court will grant the collective Defendants' Motion to Exceed Page Limit (Doc. 17) and Plaintiffs' Motion to Exceed Page Limit (Doc. 20).

**IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiffs' Motion to Seal this Case (Doc. 1).

**IT IS FURTHER ORDERED** directing the Clerk of Court to unseal this case and to file, unsealed, on the docket the documents currently lodged at Docs. 6, 15, 16, 17, and 20. The documents filed at Docs. 1, 10, 11, and 14 shall be unsealed. The documents currently lodged at Docs. 2, 3, 4, 5, 8, 18, 19, and 21 shall remain lodged under seal.

**IT IS FURTHER ORDERED** that Plaintiffs shall re-file the Complaint on the docket. Because Plaintiffs have shown the requisite particular, compelling reasons, Plaintiffs shall file the unredacted versions of Exhibits 1 through 7 under seal. The balance of the Complaint may not be filed under seal. Additionally, Plaintiffs must file versions of Exhibits 1 through 7 unsealed, redacting only the portions of those documents that contain the demonstrated confidential and proprietary information—Plaintiffs' reimbursement provisions relating to their Medicare Part D networks and confidential contract terms.

**IT IS FURTHER ORDERED** that the parties shall re-file on the docket Plaintiffs' Motion to Compel Arbitration and Stay Arbitration (Doc. 8), the collective Defendants' Response thereto (Doc. 18), Mission Wellness Healthcare's Joinder (Doc. 19), and Plaintiffs' Reply (Doc. 21). If they wish them to be unsealed, the parties must simply file them. If the parties wish any portion of these documents to be sealed, they must lodge those portions under seal and file an associated Motion to Seal in accordance with the Rules of this Court.

**IT IS FURTHER ORDERED** denying as moot the parties' Stipulation Regarding Extension of Briefing Schedule on Plaintiffs' Motion to Compel Arbitration and Stay Arbitration (currently lodged at Doc. 16).

**IT IS FURTHER ORDERED** granting Defendants' Motion to Exceed Page Limit (currently lodged at Doc. 17). Defendants' Opposition to Plaintiffs' Motion to Compel Arbitration and Stay Arbitration shall be no longer than 36 pages in length.

**IT IS FURTHER ORDERED** granting Plaintiffs' Motion to Exceed Page Limit (currently lodged at Doc. 20). Plaintiffs' Reply to their Motion to Compel Arbitration and Stay Arbitration shall be no longer than 34 pages in length.

Dated this 20th day of November, 2023.

_____
Honorable John J. Tuchi
United States District Judge